# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MILTON FAISON,** | ) |
| Plaintiff, | ) Case No. 7:14CV00426 |
| v. | ) **OPINION** |
| **RANDALL C. MATHENA, ET AL.,** | ) By: James P. Jones |
| Defendants. | ) United States District Judge |

*Milton Faison, Pro Se Plaintiff; Nancy Hull Davidson, Office of the Attorney General, Richmond, Virginia, for Defendants.*

Plaintiff Milton Faison, a Virginia inmate proceeding pro se, brought this civil rights action under 42 U.S.C. § 1983, alleging that prison officials denied him the opportunity to participate in the religious observance of Ramadan in 2014, in violation of the Constitution and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc *et seq*. Among other things, the defendant prison officials argue that they are entitled to summary judgment because Faison failed to exhaust his administrative remedies before filing this action. I find that Faison's claims in this action are barred by 42 U.S.C. § 1997e(a). Therefore, I will grant the defendants' Motion for Summary Judgment and dismiss Faison's claims without prejudice.

An award of summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). To withstand a summary judgment motion, the non-movant must produce sufficient evidence from which a reasonable jury could return a verdict in his favor. *Id.* at 249-50. "Conclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence' in support of [the non-movant's] case." *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (citation omitted).

The Prison Litigation Reform Act provides in 42 U.S.C. § 1997e(a) that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar an inmate's § 1983 action. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "'[T]he language of section 1997e(a) clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable requirement, thus requiring an outright dismissal [of unexhausted claims] rather than issuing continuances so that exhaustion may occur.'" *Carpenter v. Hercules*,

No. 3:10cv241-HEH, 2012 WL 1895996, at *4 (E.D. Va. May 23, 2012) (quoting *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003)).

Operating Procedure 866.1 is the written administrative remedies procedure that Virginia Department of Corrections inmates must follow to comply with § 1997e(a). Within 30 days of the incident the inmate wishes to grieve, he must attempt informal resolution and then file a regular grievance. After an investigation of this Level I remedy, the warden or his delegate responds within 30 days. The inmate may then appeal to the regional director, who provides a Level II response within 20 days, which is generally the last available appeal.

Faison states that on June 15, 2014, he notified prison officials that he wished to participate in the 2014 Ramadan fast accommodation provided at Red Onion State Prison, based on his religious dietary beliefs as an adherent of Islam. To accommodate Muslims' belief that they should fast between dawn and sunset during the month of Ramadan, by policy, prison officials serve meals to Ramadan participants outside those fasting hours. The 2014 Ramadan accommodation began on June 28. Officials notified Faison that because his name was not listed on a master pass list for Islamic religious programming, he could not participate in 2014.

Defendants' evidence on exhaustion establishes the following sequence of events. Faison filed an informal complaint form on July 7, 2014, to which he

received a response on July 10, 2014. On July 21, 2014, officials received Faison's regular grievance, complaining about denial of his request to participate in the Ramadan fast. The warden issued a timely Level I response on July 25, 2014, which determined the grievance to be unfounded. Faison appealed, and the regional director issued a timely Level II response on August 22, 2014, upholding the Level I response and stated that Level II was the last level of appeal for Faison's grievance. Faison signed and dated his § 1983 Complaint on July 28, 2014, and the court filed the Complaint on August 11, 2014.

In his Complaint, Faison stated that he had "completed Institutional Complaint Form, Level I Grievance and Level II Grievance" and that he was "awaiting return of said grievances" from the regional director. (Compl. ¶ 11, ECF 1.) In his declaration responding to the defendants' Motion for Summary Judgment, Faison states that he "did exhaust his admin. remedies before he began to litigate (this lawsuit)." (Decl. ¶ 12, ECF No. 24.)

Faison does not, however, offer any documentation or state any facts disputing the defendants' exhaustion evidence. Nor does he allege any explanation for the fact that the copy of the Level II response submitted by the defendants was dated on August 22, 2014, *after* Faison submitted his § 1983 Complaint to the court. Faison's conclusory assertions in his Complaint and response need not be

accepted as true, given this absence of factual support, and are not sufficient to withstand defendants' summary judgment motion. *Thompson*, 312 F.3d at 649.

I find no genuine issue of material fact in dispute that Faison filed this lawsuit *before* he had exhausted administrative remedies as required under § 1997e(a). Logic dictates that until an inmate is notified that his grievance appeal has been denied, that remedy is still pending and may be granted; as such, until he receives notification of denial of his appeal, he cannot be deemed to have exhausted available remedies in compliance with § 1997e(a). Moreover, only when Faison received his Level II response was he notified that no Level III appeal remained available to him in this case. Thus, I conclude that Faison's § 1983 Complaint concerning Ramadan 2014 was prematurely filed and must be dismissed without prejudice to his ability to refile his claims in a new and separate lawsuit.

For the stated reasons, I will grant the defendants' Motion for Summary Judgment under § 1997e(a) for failure to exhaust available administrative remedies before bringing this lawsuit, and dismiss Faison's claims without prejudice.

A separate Order will be entered herewith.

>DATED: July 20, 2015
>
>/s/ James P. Jones
>United States District Judge